Keith E. **BOOTH**

v.

**TOTAL HEALTH CARE, INC.**

**Civ. No. JFM–93–4015.**

United States District Court, D. Maryland.

Aug. 11, 1994.

---

Keith E. Booth, pro se.

Monte Fried, Wright, Constable & Skeen, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, Chief Judge.

Keith Booth has filed this action against Total Health Care, Inc. ("THC"). Discovery has been completed, and THC has filed a motion for summary judgment. Booth, who is appearing *pro se*, has responded to the motion.[1]

THC is a non-profit corporation which primarily serves the medically indigent population in West Baltimore. Among the services that it provides is the counselling and treatment of individuals with substance abuse problems. In the summer of 1992 THC advertised to fill an addiction counselor position. Plaintiff was one of 80 persons who applied for the position and was one of 14 individuals who was selected to be interviewed. After the interview he was not hired for the position.

■ Plaintiff asserts three claims against THC for "conflict of interest," "education discrimination," and defamation. The first claim apparently is based upon the fact that Adrienne Britton, THC's supervisor of addiction counselors who interviewed plaintiff, allegedly called one of plaintiff's prior employers before interviewing him. Obviously, assuming that such a call was made, no "conflict of interest" was presented. In any event, plaintiff has cited no cases to support the proposition that in this context "conflict of interest" alone gives rise to any cause of action cognizable under Maryland law or federal law.

■ Plaintiff's second claim—for "education discrimination"—is allegedly based upon the fact that Ms. Britton felt threatened by him because his educational credentials are superior to her own. Again, assuming that to be true, plaintiff has cited no case demonstrating there exists under the common law of Maryland or under federal law any cause of action for "education discrimination."

■ Plaintiff's third claim for defamation is based upon statements made in a formal response that THC submitted to a complaint that plaintiff filed against it for sex discrimination with the Maryland Human Relations

1. Booth has also filed a motion to strike THC's motion for summary judgment and memorandum in support thereof. The motion is entirely without merit and will be denied.

**416**

Commission ("MHRC").[2] Any statements made by THC to the MHRC in defending against plaintiff's complaint are absolutely privileged in light of the nature of MHRC proceedings and the fact that the Commission's procedures provide adequate procedural safeguards against the occurrence of defamatory statements. *See Minor v. Novotny,* 304 Md. 164, 498 A.2d 269 (1985). Thus, plaintiff's claim for defamation fails as a matter of law.

For these reasons THC's motion for summary judgment will be granted.

### ORDER

For the reasons stated in the memorandum entered herein, it is this 11th day of August 1994

ORDERED

1. Plaintiff's "Motion and Notice of Motion to Strike" is denied;

2. Defendant's motion for summary judgment is granted; and

3. Judgment is entered in favor of defendant against plaintiff.

2. Plaintiff originally asserted a claim in this action for sex discrimination under Title VII but on deposition withdrew that claim.